BENNETT *v.* STATE.

Opinion delivered November 20, 1916.

LIQUOR—ILLEGAL MANUFACTURE—SUFFICIENCY OF THE EVIDENCE.—The evidence held sufficient to sustain a conviction of defendant for being interested in the manufacture of intoxicating liquors, contrary to Act 30, p. 98, Acts of 1915.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

HART, J. Gus Bennett was indicted for being interested in the manufacture of intoxicating liquors contrary to the provisions of Act No. 30, of Acts of 1915, see Acts 1915, p. 98.

From the judgment of conviction, he has duly prosecuted an appeal to this court.

The only ground relied upon for a reversal of the judgment is that the evidence is not legally sufficient to warrant the verdict.

Two witnesses for the State testified that at different times they went to a still in the woods where whiskey was being made, and that the defendant was present. That they did not know whether or not defendant was helping to make the whiskey. One of the witnesses admitted that he had testified before the grand jury that the defendant was assisting in making the whiskey. He stated on the trial, however, that he did not remember seeing the defendant doing anything in connection with running the still.

Another witness admitted that he testified before the grand jury that he saw the defendant and others making whiskey in Howard county while court was in session; and that he saw them at other times. He stated at the trial that this testimony was true. The indictment was returned on August 25, 1916, and the time referred to by the witnesses was during the year 1916 prior to the return into court of the indictment.

The defendant took the stand and admitted that the witnesses saw him at the place where the whiskey was being manufactured but denied that he assisted in making it.

The evidence adduced in behalf of the State was sufficient to warrant the verdict.

The judgment will be affirmed.

HUMPHREYS, J., not participating.